Spangler et al., Appellants, *v.* Danko.

Argued October 1, 1946. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

The facts are stated in the opinion, by BOOSE, P. J., of the court below, as follows:

The above entitled cases were consolidated for the purpose of trial, because the plaintiff's cause of action in each case arose out of the same occurrence. The trial resulted in a verdict for the plaintiff in each case. Subsequently, the rules awarded upon the defendant's motions to show cause why a new trial should not be granted, were made absolute; and plaintiffs' counsel has given notice that appeals have been taken from the order granting a new trial, to the Supreme and Superior Courts, with the request that an opinion be filed of record setting forth the reasons for the order appealed from. In compliance with the requirement of the rules of said Courts (Rules No. 58), the following brief statement in the form of an opinion, is now filed of record.

From the evidence it appears that on the evening of May 18, 1943, between six and seven o'clock, a collision occurred between a two-seated motorcycle owned by the

plaintiff, Forrest Spangler, operated by the plaintiff, Earl Coleman, and upon which the plaintiff, Morris Spangler, was a passenger, and an automobile operated by the defendant, George Danko, in the Borough of Central City in this County. Immediately before the collision the motorcycle was travelling Northward on Sunshine Avenue in said borough, at a speed of twenty miles per hour. Shortly prior thereto, the defendant was driving the automobile in the opposite direction on said avenue, accompanied by his parents and a brother, and momentarily stopped on the left side thereof in front of Kirkman's Drug Store to pick up his uncle, John Danko, all of the occupants being on their way to the graduating exercises of the Shade Township High School Class, of which the defendant and his brother were members. After pulling away from the curb on the left side of the street in low gear, at a speed of only three to five miles per hour, and before entirely reaching his lane of traffic on the right-hand side of the street, the motorcycle crashed into the front left-side of the automobile. The automobile was brought to a stop before the collision, leaving a space of eleven feet behind the car and the curb, and twelve feet in front of the car and the curb on the opposite side of the street. There was sufficient space both in front and back of the automobile to have enabled the operator of the motorcycle to avoid the collision, if the motorcycle had not been driven at an excessive speed and kept under proper control. The momentum of the motorcycle and the force of the impact caused the operator of the motorcycle and his companion to be thrown through the air over the top of the automobile for a distance of twenty-five or thirty feet where they landed on the concrete surface of the street, causing serious personal injuries.

Although alleged in the plaintiffs' statements of claim that the defendant's automobile ran into and collided with the motorcycle, the evidence conclusively proves that the motorcycle ran into and collided with

the defendant's automobile while at rest in practically the middle of the street. The only negligence alleged against the defendant is that after being momentarily stopped upon the left side of the street to pick up his uncle, he drove his automobile, without warning or notice, out onto the highway left of the center line, and collided with the motorcycle. The uncontradicted evidence of the defendant and his witnesses is to the effect that when he started to slowly pull away from the curb, his vision was temporarily obstructed by a car and truck on the same side of the street, that he then pulled out four or five feet and paused and then had a clear and unobstructed vision of four or five hundred feet up and down the avenue, that no moving vehicle was in sight, and that he did not see the motorcycle until it was right on him. Under these undisputed facts and circumstances, it is difficult to understand how the jury could find that the defendant was negligent and that his negligence was the proximate cause of the collision. On the other hand, the evidence of the plaintiffs shows that the motorcycle was traveling at a speed of twenty miles per hour. Calculated in feet and minutes, it approached the scene of the collision at the rate of 1760 feet per minute, or about 30 feet per second. Travelling at such a rate of speed, it would have been physically impossible for the motorcycle to have been only 20 or 25 feet away from the point of collision when the defendant drove his car away from the curb and out into the street, as testified by the plaintiffs. The evidence presents a clear and plain case of contributory negligence on the part of two of the plaintiffs.

It was and is our considered opinion that the verdicts of the jury were so clearly against the evidence and the weight of the evidence that the ends of justice required a granting of a new trial in these cases. Unless the order granting a new trial was a clear abuse of discretion, it is believed that these appeals have been improvidently taken and cannot be sustained: *Class &*

*Nachod Brewing Co. v. Giacobello,* 277 Pa. 530; *O'Farrell v. Mawson,* 320 Pa. 317.

*Leland W. Walker,* for appellants.

*Clarence L. Shaver,* with him *Daryle R. Heckman* and *Shaver & Heckman,* for appellee.

· PER CURIAM, November 8, 1946:
The order of the court below in the above entitled case is affirmed on the opinion of President Judge BOOSE.